# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00260-CV

---

**L. L., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
NO. 21-0017-CPS425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant L.L. (Mother) appeals from the district court's order, following a bench trial, terminating her parental rights to her children Z.O., born April 27, 2015 (Daughter), and M.O., born November 5, 2018 (Son). Mother's court-appointed counsel has filed a motion to withdraw and an *Anders* brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied). Counsel has certified to this Court that he has

provided his client with a copy of the *Anders* brief and informed her of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed. We will affirm the district court's order of termination.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor*, 160 S.W.3d at 647. The record reflects that the case began in August 2020, when the Department received a report alleging that Mother was a daily user of "crystal meth" and that she "had been high on methamphetamine while acting as the caregiver to the children." Based on this report, Mother's children were removed from her care, placed temporarily in the care of their maternal grandmother, and the Department provided Mother with a service plan to obtain the return of her children and a safety plan to protect the children while the case was ongoing. The service plan included individual therapy, protective-parenting classes, a drug-and-alcohol assessment, and random drug testing. The safety plan required that Mother's visits with the children be supervised.

Department caseworker Monica Ingalsbe, who worked on the case when it began as Family Based Safety Services (FBSS), testified that Mother tested positive for methamphetamine in October and November 2020, did not test in December 2020, and tested positive for methamphetamine and amphetamines in January 2021. Ingalsbe also testified that Mother had violated the safety plan by visiting the children unsupervised. In March 2021, the Department filed its petition seeking termination of Mother's parental rights as an alternative to reunification.

The case proceeded to trial in April 2022. Department caseworker Raven Akoma, who worked on the case after it was transferred from FBSS to CPS, testified that Mother did not

2

complete her service plan. According to a permanency report filed with the district court in March 2022, Mother did not maintain "consistent contact" with the Department and stopped visiting the children in September 2021. Mother began her individual therapy sessions in April 2021 but was discharged in July 2021 "due to missing sessions" and "has not reengaged in therapy" since that time. Mother "has completed a psychological evaluation but has yet to follow the recommendations," including taking parenting classes, attending "inpatient rehab," and submitting to random drug testing. Mother submitted to a drug test in January 2022 and tested positive for methamphetamine at that time, but she had not submitted to any other drug tests before or after that date, including multiple tests that were requested in June, July, August, September, and November 2021.

Mother testified that she started using methamphetamine at "[t]he end of 2020" and that the last time she had used methamphetamine was "a few days" before trial. She admitted that she was using methamphetamine when the children were removed from her care but denied ever using methamphetamine in the presence of the children. Mother acknowledged that she had not completed individual therapy or protective parenting classes and had not submitted to random drug testing. She also testified that she was "trying to get into rehab" but had been unable to do so because of COVID, pregnancy, insurance issues, and scheduling conflicts.

The children were placed with their paternal grandmother (Grandmother), and Akoma testified that they were "doing really well" in Grandmother's care. Akoma also testified that Grandmother wanted to adopt the children and has been able to provide for all their needs. The guardian ad litem for the child similarly testified that the children had been placed in a "loving environment" and that they "seem very comfortable in their grandmother's home."

3

At the conclusion of trial, the district court found that termination of Mother's parental rights was in the best interest of the children and that Mother had: (1) knowingly placed and knowingly allowed the children to remain in conditions and surroundings which endangers the physical and emotional well-being of the children; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children; (3) constructively abandoned the children; and (4) failed to comply with the provisions of a court order that specifically established the actions necessary to obtain the return of children. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (N), (O), (2). This appeal followed.

After reviewing the entire record and the *Anders* brief submitted on Mother's behalf, we have found nothing in the record that might arguably support an appeal. Our review included the district court's endangerment findings, *see* Tex. Fam. Code § 161.001(b)(1)(D), (E), and we have found no issues that could be raised on appeal with respect to those findings, *see In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019). We agree with counsel that the appeal is frivolous.

**CONCLUSION**

We affirm the district court's order of termination.[1]

_____

Gisela D. Triana, Justice

_____

[1] We deny counsel's motion to withdraw. The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016) (per curiam). Accordingly, if after consulting with counsel Mother desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id*.

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed

Filed:   August 25, 2022